IN THE
UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| PROMETHEUS RADIO PROJECT, *et al.*, ) <br> ) <br> Petitioners ) <br> ) <br> v. ) <br> ) <br> FEDERAL COMMUNICATIONS COMMISSION ) <br> and THE UNITED STATES OF AMERICA, ) <br> ) <br> Respondents ) | **Nos. 17-1107, *et al.*** |

**FCC MOTION TO HOLD IN ABEYANCE**

The Federal Communications Commission respectfully moves the Court to place these consolidated cases in abeyance. The Commission now has before it a petition seeking reconsideration of the order on review that overlaps in substantial part with the issues presented by the petitions for review here. Relatedly, the composition and leadership of the FCC has substantially changed since the FCC adopted the order on review. As a result, a majority of the FCC is composed of Commissioners who not only dissented from that order, but did so on issues that are raised in the petitions for review in these cases – as well as in the reconsideration petition pending before the agency. We are authorized to state that the Commission intends to act on that reconsideration petition.

Counsel for petitioners News Media Alliance ("NMA"), The Scranton Times, L.P. ("Scranton"), and Bonneville International Corp. ("Bonneville"), as well as for respondent the United States, have authorized us to state that they

support grant of this motion. Counsel for petitioners Prometheus Radio Project and Media Mobilizing Project (collectively, "Prometheus") and for petitioners Multicultural Media, Telecom and Internet Council, Inc. and the National Association of Black-Owned Broadcasters (collectively, "MMTC") have indicated they will oppose this request for abeyance.

The five petitions for review before this Court challenge several aspects of the FCC's resolution of issues stemming from the agency's latest quadrennial review of its media ownership rules. *2014 Quadrennial Regulatory Review – Review of the Commission's Broadcast Ownership Rules and Other Rules Adopted Pursuant to Section 202 of the Telecommunications Act of 1996,* 31 FCC Rcd 9864 (2016) ("*Order*"). The petitions filed by NMA, Scranton, and Bonneville each maintain that the FCC's decision to retain its rule banning common ownership of daily newspapers and broadcast stations was unlawful. Petition for Review in *News Media Alliance v. FCC*, 3rd Cir. No. 17-1108, at 3; Petition for Review in *The Scranton Times, L.P. v. FCC*, No. 17-1110, at 2; Petition for Review in *Bonneville International Corp. v. FCC*, No. 17-1111, at 2. The Prometheus petition contends that the Commission failed to take adequate measures to promote increased broadcast ownership by minorities and women. Petition for Review in *Prometheus Radio Project v. FCC*, 3rd Cir. No. 17-1107, at 4-5. Prometheus also seeks review "of the Commission's decision to modify certain of its broadcast ownership rules so as to permit increased concentration of ownership, as well as its failure to require that so-called Shared Services Agreements be treated as 'attributable'

interests." *Id.* The MMTC petition challenges the FCC's failure to extend to broadcasting the cable procurement rule, 47 C.F.R. § 76.75(e)(1), which requires cable companies to encourage business with minority and female entrepreneurs. Petition for Review in *Multicultural Media, Telecomm and Internet Council v. FCC*, 3rd Cir. No. 17-1109, at 2-4.

On December 1, 2016, the National Association of Broadcasters ("NAB") filed a petition for reconsideration with the FCC asking the agency to reconsider the *Order*. A copy of that petition, which NMA, Scranton and Bonneville have supported before the agency,[1] is attached. Among other things, NAB asks the FCC to overturn its decision to retain the newspaper/broadcast cross-ownership rule – the same relief sought by NMA, Scranton and Bonneville in their petitions for review in this Court. NAB Petition for Reconsideration at 14-25. In addition, NAB asks the FCC to reconsider NAB's proposal to create an "incubator program" designed to increase diversity in media ownership. NAB Petition for Reconsideration at 25.

The FCC intends to act on the NAB petition.[2] If the FCC were to grant NAB's request to reconsider the newspaper/broadcast cross-ownership rule, in

---

[1] *See* Comments of News Media Alliance in Support of NAB Petition for Reconsideration, filed Jan. 24, 2017 in FCC Docket 14-50; Joint Reply Comments of Bonneville International Corp. and The Scranton Times, filed Feb. 3, 2017 in FCC Docket 14-50.

[2] The Commission issued a Public Notice establishing times for parties to file responses to the petition (*Public Notice Report No. 3064* (Dec. 21, 2016)) and extended the time period for filing those comments and reply comments to February 3, 2017. *See 2014 Quadrennial Regulatory Review*, DA 17-39 (MB Jan

whole or in part, the agency's action could significantly alter – or even render moot – the challenges to that rule asserted by three of the petitioners here. The Commission's action in response to NAB's request to reconsider the refusal to adopt an incubator program could also reshape the Court's review of the claims raised by the remaining two petitioners, Prometheus and MMTC, regarding the adequacy of the agency's efforts to promote diversity in media ownership.

Moreover, NAB's petition permits the FCC to reconsider the *Order* more broadly, including reexamining those portions of the *Order* that NAB has not expressly asked the agency to reconsider. *See Globalstar, Inc. v. FCC*, 564 F.3d 476, 485 (D.C. Cir. 2009) ("[O]nce Globalstar petitioned for reconsideration of the *2004 Order*, the Commission was free to reconsider the entire record … provided [it] gave a reasoned explanation for its decision that is supported by the record.") (citations omitted); *AT&T Corp. v. FCC,* 113 F.3d 225, 229 (D.C. Cir. 1997) (same); *Central Fla. Enterprises, Inc. v. FCC*, 592 F.2d 37, 48 n.51 (D.C. Cir. 1978) (petition for reconsideration tolls time provided in FCC rules for agency to set aside or modify an order on its own motion).

Finally, as noted above, both the composition and leadership of the Commission have substantially changed since the agency's August 2016 decision to adopt the challenged *Order*. In the time since, two of the three Commissioners who voted to approve the *Order* have left the Commission. The agency currently has three Commissioners – Mignon Clyburn, Ajit Pai, and Michael O'Rielly – out of

---

11, 2017). The formal comment period on the reconsideration petition thus has been completed.

the five authorized. On January 23, 2017, Commissioner Pai was designated FCC chairman.

Chairman Pai and Commissioner O'Rielly both dissented from the *Order's* retention of the newspaper/broadcast cross-ownership rule, *see* 31 FCC Rcd at 10046-51 (Pai), 10059-61 (O'Rielly). *See also id*. at 10051-56 (Pai, dissenting) (disagreeing with the Commission's failure to modify its local television ownership rule). Chairman Pai also expressed disappointment in the Commission's delay in addressing minority ownership issues and in its refusal to take additional actions to promote minority ownership, including the agency's refusal to adopt a new entrant incubator program. *Id.* at 10056-57. The petition for reconsideration is thus pending before a Commission whose current majority dissented from the *Order* in ways that mirror to a substantial extent the claims put forth in the petitions for review in this Court.

Given the overlap between the claims asserted in the petition for agency reconsideration with those put forth in the petitions for review, and in light of the recent changes in the agency's composition and leadership, the "proper course" – which both serves the interests of judicial economy as well as those of the parties – is for this Court to "hold the appeal in abeyance pending the Commission's further proceedings" on reconsideration. *Wrather-Alvarez Broadcasting, Inc. v. FCC*, 248 F.2d 646, 649 (D.C. Cir. 1957).

We recognize, to be sure, that this Court has previously expressed dissatisfaction with the amount of time that previous Commissions have taken to

complete these media ownership review proceedings. *See Prometheus Radio Project v. FCC*, 824 F.3d 33, 37 (2016). At the same time, we do not want to waste this Court's time, or that of the parties, to conduct proceedings to review an order that could be reconsidered and revised before judicial review can be concluded.

For the foregoing reasons, the Court should hold this case in abeyance pending FCC action on reconsideration.

Respectfully submitted,

Brendan T. Carr
Acting General Counsel

David M. Gossett
Deputy General Counsel

*s/ Jacob M. Lewis*

Jacob M. Lewis
Associate General Counsel

C. Grey Pash, Jr.
Counsel

Federal Communications Commission
Washington, D. C. 20554
(202) 418-1751
grey.pash@fcc.gov

February 15, 2017

# IN THE
## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

| | |
|---|---|
| PROMETHEUS RADIO PROJECT, *et al.*, ) <br> ) <br> Petitioners ) <br> ) <br> v. ) <br> ) <br> ) <br> FEDERAL COMMUNICATIONS COMMISSION ) <br> and THE UNITED STATES OF AMERICA, ) <br> ) <br> Respondents ) | **Nos. 17-1107,** *et al.* |

## CERTIFICATE OF SERVICE

    I, Jacob M. Lewis, hereby certify that on February 15, 2017, I electronically filed the foregoing FCC Motion to Hold in Abeyance with the Clerk of the Court for the United States Court of Appeals for the Third Circuit by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

                                            *s/ Jacob M. Lewis*

                                            Jacob M. Lewis
                                            Associate General Counsel

                                            Federal Communications Commission
                                            Washington, D. C. 20554